## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | ) | |
| OF SCF LEWIS AND CLARK FLEETING | ) | |
| LLC, FOR EXONERATION FROM, OR | ) | Case No.: |
| LIMITATION OF, LIABILITY. | ) | |

## COMPLAINT IN ADMIRALTY
## FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY

Plaintiff SCF Lewis and Clark Fleeting LLC ("Plaintiff") submits the following as its Complaint in Admiralty seeking exoneration from, or limitation of, liability:

1.      This action arises under the laws of the United States providing for exoneration from, or limitation of, a vessel owner's liability, 46 U.S.C. § 30501 - § 30512, and the various statutes, rules and regulations relating thereto.  It is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2.      At all material times, Plaintiff was a limited liability corporation duly organized under the law, and the owner or owner *pro hac vice* of the Motor Vessel VELDA TAYLOR.

3.      At all material times, the M/V VELDA TAYLOR was a commercial towing vessel built in 1982, of 58 gross registered tons, which was operating within the harbor area of Granite City, Illinois, on the Mississippi River, a navigable waterway of the United States, within this judicial district.  The vessel currently is, or during the pendency of this action will be, within this judicial district.

4.      Plaintiff used due diligence to make the M/V VELDA TAYLOR seaworthy, and at all relevant times it was and is tight, staunch and strong, competently manned, and in all respects seaworthy and reasonably fit for the service in which it was engaged.

5.      At the times material hereto, Plaintiff provided tugboat service to a commercial dock on the Chain of Rocks Canal on the Mississippi River near Granite City, Illinois.  This dock is identified hereafter as the "Granite City dock."  The M/V VELDA TAYLOR and its crew moved barges to and from the Granite City dock.  The barges are loaded with cargo at the dock, and thereafter removed from the dock and placed into fleets for subsequent shipment on the Mississippi River.

6.      On March 17 and 18, 2018, Kevin Mogensen, an individual, was employed by Plaintiff as a deckhand.

7.       From 6:00 p.m. on March 17, 2018 to 6:00 a.m. on March 18, 2018, the M/V VELDA TAYLOR operated on the Chain of Rocks Canal at and around the Granite City dock. The VELDA TAYLOR spotting empty barges, removing loaded barges and placing them into fleet(s).  During this time period, the M/V VELDA TAYLOR was manned by crewmembers, including deckhand Kevin Mogensen, all of whom were employees of Plaintiff.  Mogensen completed his shift and departed the vessel as normal.  Mogensen did not complete any written report of injury or illness.

8.      On March 19, 2018, Mogensen did not show up for a scheduled work shift. Plaintiff later learned that around 2:00 a.m. on March 19, 2018 (approximately twenty hours after departing the M/V VELDA TAYLOR), Mogensen reportedly suffered a respiratory incident and called an ambulance to be taken to the hospital.  Mogensen's medical records indicate he was diagnosed with a "severe asthma exacerbation due to bronchitis."  Mogensen was released from the hospital on March 23, 2018, but never returned to work for Plaintiff.

9.      On or about March 29, 2018, attorney Gregory Tobin notified Plaintiff that he had been retained to represent Mogensen in connection with a claim against Plaintiff.  On August 10,

2018, Plaintiff was served with a lawsuit, *Kevin D. Mogensen v. SCF Lewis and Clark Fleeting, LLC*, 2018-L-00985, filed in the Circuit Court of Madison County, Illinois. The Complaint asserted a count for negligence under the Jones Act, as well general maritime law claims for unseaworthiness and maintenance and cure. Mogensen generally alleged that "while employed as a boat mate and member of the barge crew," Plaintiff negligently failed to provide a safe place to work and proper safety equipment to filter airborne particles, which caused him to suffer injuries to his lungs on or about March 17, 2018.

10.     No negligence on the part of Plaintiff caused or contributed to Mogensen's alleged injuries or damages, and Plaintiff's exercised reasonable care with respect to workplace safety.

11.     Mogensen's respiratory incident and issues, and any damages resulting therefrom, were not caused or contributed to by any fault, neglect, want of care, or design on the part of Plaintiff and/or the M/V VELDA TAYLOR, or anyone for whom Plaintiff may be responsible, but was caused in whole or in part by pre-existing medical conditions and/or the fault, carelessness and negligence of Mogensen and/or third parties for whom Plaintiff is not responsible.

12.     The aforementioned incident was occasioned and occurred without fault of Plaintiff and without privity or knowledge of Plaintiff.

13.     The M/V VELDA TAYLOR has not been attached or arrested in any suit brought in connection with any claim arising out of the aforementioned incident.

14.     Plaintiff is advised that the value of the M/V VELDA TAYLOR, including its rigging, equipment, freight (if any), and appurtenances, on March 17 and 18, 2018, did not exceed the sum of eight hundred thousand dollars ($800,000.00).

15.     No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid incident.

16.     Plaintiff claims and seeks exoneration from liability for any loss and damages occasioned or incurred during the voyage of the M/V VELDA TAYLOR or by reason of the incident described herein, and for any and all claims arising from the voyage and incident, and Plaintiff alleges that is has a valid defense to those claims based on the facts and on the law.

17.     Mogensen now asserts that his claim against Plaintiff arising out of the aforementioned incident and voyage could exceed the value of the M/V VELDA TAYLOR on or about March 17 and 18, 2018.

18.     Therefore, Plaintiff claims the benefit of limitation of a vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof.  To that end, Plaintiff is ready and willing to proceed according to law and pursuant to the rules and practices of this honorable Court.

19.     The M/V VELDA TAYLOR is or will be during the pendency of this suit present within this District.

20.     Plaintiff received a settlement demand from counsel for Kevin Mogensen on March 31, 2020 for an amount exceeding the value of the M/V VELDA TAYLOR.  Plaintiff's receipt of this settlement demand was its first written notice that the amount of this claim could possibly exceed the value of the M/V VELDA TAYLOR.  Plaintiff files this Complaint within six (6) months of its receipt of this written settlement demand that first put Plaintiff on notice that Mogensen was seeking damages from this alleged incident that exceeded the value of the M/V VELDA TAYLOR.

4

21.     All and singular, the premises are true and within the Admiralty and Maritime Jurisdiction of the United States and this honorable Court.

WHEREFORE, Plaintiff prays that:

a)      This Court shall in due course cause due appraisal to be made of the value of the interest of Plaintiff in the M/V VELDA TAYLOR after the aforesaid incident on March 17 and 18, 2018;

b)      This Court, upon written motion, shall enter an order directing Plaintiff to post appropriate security for the value of the M/V VELDA TAYLOR, with a surety approved by the Court, for payment to the Court of the amount of the interest of Plaintiff in the M/V VELDA TAYLOR whenever the Court shall so order;

c)      This Court, upon written motion, shall enter an Order directing that on the giving of such security for the value of the M/V VELDA TAYLOR as may be determined to be proper, or of a letter of undertaking or ad interim stipulation as will be offered by Plaintiff, the institution or further prosecution of any and all actions, suits, and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present proceeding, against SCF Lewis and Clark Fleeting LLC, or their agents or representatives, or any other person for whom Plaintiff is or may be responsible, or against any of the property of Plaintiff, including, but not limited to, the M/V VELDA TAYLOR, to recover damages caused by or resulting from said incident, or in respect of any claim or claims arising out of or resulting from said incident, shall be enjoined until the hearing and determination of this proceeding;

d)      This Court, upon written motion, shall enter an Order directing the issuance of a notice to all persons claiming damage for any and all loss, damage, expenses, or injuries caused by or resulting from the aforesaid incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said Notice;

e)      This Court in this proceeding will adjudge that:

(i)      Plaintiff and the M/V VELDA TAYLOR are not liable to any extent for any loss, damage, death, or injury, nor for any claims whatsoever in any way arising out of aforesaid incident or voyage alleged in this Complaint, and, therefore, Plaintiff and the M/V VELDA TAYLOR are entitled to a decree of exoneration in this matter;

(ii)      If Plaintiff shall be adjudged liable to any extent in the premises, then the liability of Plaintiff shall be limited to the value of the M/V VELDA TAYLOR immediately following the incident, and that a decree may be entered discharging Plaintiff and the M/V VELDA TAYLOR from all further liability and further enjoining the filing and prosecution of any claim against either Plaintiff and/or the M/V VELDA TAYLOR related to the incident alleged in this Complaint; and

f)      Plaintiff and the M/V VELDA TAYLOR may have such other and further relief as may be just and proper.

6

Respectfully submitted,

GOLDSTEIN AND PRICE, L.C.
and Neal W. Settergren   #6276806
and Jacob D. Curtis        #6307742


        */s/ Jacob D. Curtis*
By:_____
One Memorial Drive, Suite 1000
St. Louis, Missouri 63102
314-516-1700 (phone)
314-421-2382 (fax)
neal@gp-law.com
jacob@gp-law.com

*Counsel for SCF Lewis and Clark Fleeting LLC*

7